**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5591-15T1

MICHAEL STANTON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

Submitted October 3, 2018 – Decided November 7, 2018

Before Judges Alvarez and Mawla.

On appeal from the New Jersey Department of Corrections.

Michael Stanton, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Michael Stanton, an inmate at New Jersey State Prison, challenges the June 16, 2016 final decision by the Department of Corrections (DOC) business manager denying his claim for the loss of a television and radio, which loss he alleges occurred when he was moved from one facility to another. For the reasons that follow, we affirm. We also deny Stanton's application, made after the filing of the appeal, to include in the record on appeal a receipt, dated June 24, 2013, for the purchase of the television.

Although not entirely clear from the record, it appears that on January 31, 2016, while incarcerated at Bayside State Prison, Stanton was moved to a temporary closed custody unit. He was subsequently transferred from Bayside to his current facility. In February 2016, when his personal property was delivered, he complained his television and radio were missing and that they had been stolen by other inmates at Bayside. On March 31, 2016, Stanton filed a claim for lost, damaged, or destroyed property with the DOC administration services. See N.J.A.C. 10A:2-6.2.

The officer assigned to investigate recommended Stanton's claim be denied. He found that there was no negligence on the part of Bayside, Stanton failed to exercise care to prevent the property's loss, Stanton was not authorized

to possess the property, he failed to support his claim with appropriate documentation, and he did not submit the claim in a timely manner.

The investigative report further states that the claim was dated March 31, 2016, for an incident Stanton asserted occurred January 31, 2016. It was not filed with the prison authorities until April 16, 2016. When the investigator interviewed a courtline sergeant, he learned that Stanton and other prisoners[1] had fought over whether the television had been sold or loaned by Stanton to the other inmates. The television was deemed contraband and taken into custody.

No receipt was provided for the radio, nor was it on the property inventory sheet when Stanton was sent to prehearing detention, presumably as a result of the confrontation. The investigator concluded that he could not determine whether the radio had also been sold, lost, or previously destroyed.

The controlling provision of the New Jersey Administrative Code states:

> (a) The following factors shall be considered before recommending approval or disapproval of claims [for lost property]:

---

[1] Information or details about the physical confrontation are limited by the record. In the investigator's report, there is only brief mention of the courtline sergeant's perspective. However, we recently noted that there is a record of sanction against defendant resulting from violation of act *.044 , fighting with another person. Stanton v. N.J. Dep't of Corr., Nos. A-2912-15, A-1126-16, A-3618-16 (App. Div. Sept. 21, 2018) (slip op. at 8).

A-5591-15T1

1.      Whether the investigation revealed any neglect by the correctional facility;

2.      Whether care was exercised by facility staff preventing property loss, damage or destruction;

3.      Whether the inmate exercised care in preventing property loss, damage or destruction;

4.      Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;

5.      Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;

6.      Whether the inmate submitted the claim in a timely manner;

. . . .

8.      Whether the personal property is considered contraband; and

9.      Whether other reviewers recommended denial of the claim and the reasons therefor.

[N.J.A.C. 10A:2-6.2.]

Our role in reviewing agency action is limited. In re Taylor, 158 N.J. 644, 656 (1999). We do not disturb administrative agency determinations unless we conclude such action is arbitrary, capricious, or unreasonable. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

4

A-5591-15T1

In this case, the record is at best confused. It does not establish Stanton's ownership of the items in dispute, include any explanation for the delay in reporting the loss, or ultimately, demonstrate negligence on the part of the facility. If the television was an item in dispute between Stanton and other inmates, and taken by facility staff as contraband, that is agency action falling outside the scope of the regulation, and is reasonable. The status of the radio is unclear.

The investigation into Stanton's late claim found no neglect on the part of the institution. Nothing in the record causes us to question the finding. The extent of care exercised by Stanton over his property cannot be determined from this record. His claim was not timely. Since the DOC's action in adopting the investigator's recommendation was not arbitrary, capricious, or unreasonable, it will not be disturbed. See In re Taylor, 158 N.J. at 657.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5591-15T1